The opinion of the Court was delivered by
Johnston, Ch.
It appears that the bill had been taken pro confesso against the defendant, Waterman, and that, under these circumstances, he moved for a continuance of the cause until the next term. This motion was overruled. He then moved to set aside the order pro confesso, and for leave to plead answer or demurrer; which was granted on condition that the *272 trial should not be retarded. He then put in a general demurrer and a plea; and these being overruled, he now moves for leave to put in an answer.
The 36th rule of the Court, adopted the 10th of March, 1810, (a) declares that when a bill has been taken pro confesso, “the order therefor can be set aside only where the defendant shall apply for the same on the first day of the meeting of the Court, and shall have previously filed, or, on making such application shall producé a full and explicit answer or plea, with a brief for the Court, — and shall docquet the cause for hearing at such Court, — and submit to any further conditions the Court may impose.” And it further provides that if the answer, upon exceptions taken to it, “be adjudged insufficient, the bill shall be absolutely ordered to be taken pro confesso as to the points not satisfactorily answered, — unless otherwise ordered by the Court.”
When a party has permitted a bill to be taken pro confesso, he has subjected himself to the discretionary power of the Court; and he should not be relieved from this condition in which he has voluntarily placed himself without coming up to what the merits of the case and convenient practice require.
The demurrer put in by Mr. Waterman was altogether unner cessary on his part. It gave him no defence which he was not equally entitled to under the order pro confesso. If the bill did not state ajease entitling the plaintiff to a decree against him, he might have moved to dismiss it for want of equity appearing on its face. And the very rule under which he moved to set aside the order pro confesso which had passed against him, declares (b) that when a bill has been taken pro confesso, the defendant “may take advantage of any matter which would have been good cause of demurrer,” though not entitled to the benefit of matter which ought to be presented by plea or answer.
The demurrer interposed by the defendant in this case was therefore useless; and savoured of an attempt to stave off the *273 case, and to secure by indirection the continuance which the Court had deliberately refused to grant.
The same may be said of the plea. It was plainly frivolous: and the Chancellor had a just right to assume, as he did, that its design was to pass the term and escape from putting in the answer, which should have been prepared and produced when the defendant came to ask. to have the order pro confesso set aside.
We are of opinion that the Chancellor had- a right to require as a condition of setting that order aside, that the case should not be retarded. We conceive that in seeing to it that that condition was obeyed, instead of being trifled with, he exhibited a sound exercise of discretion, and we cannot interfere with it, without breaking down rules essential to the practice of this Court.
On the remaining points argued on this appeal, the Court is of opinion that the decree must stánd.
A deliberate judgment has been pronounced,' from which the Court sees no reason to recede, that the bond taken by Mr. Waterman from Crossland, was not the bond which it was his official duty to have taken for securing the rights of Miss Allen, under the will of her father; that it was ineffectual either under the. Statute or at Common Law for her benefit: and, if good, as a Common Law instrument, it was only so as a security to Waterman, the obligee, whose right to use it for his own indemnification was not abridged, but expressly left open to him, by the decree.
This decision was made upon an instrument handed by Mr. Waterman to the legatee as the security he had taken for the protection of her rights when he granted letters of administration to Crossland. After using every effort to render it effectual, she comes back to him with a decree that it was totally ineffectual as a security for her, — -the only decree she could obtain : — and it would seem to be but just that he should now make it good to her.
It has been argued that Waterman should not be made an *274 swerable until a decree has been obtained against Crossland. The cases referred to by the Chancellor are sufficient to shew that where the- administrator is beyond the jurisdiction of the Court, so that no decree can be obtained against him, his sureties cannot avail themselves of that fact for exonerating themselves from accountability. The objection of the defendant, Waterman, stands upon weaker grounds. In relation to the legatees of the testator, Crossland was improperly deputed by the Ordinary to administer the estate ; inasmuch as he did not give the bond demanded by Statute as a pre-requisite to his obtaining letters. As to the legatees he was no administrator, except so far as they might be willing to affirm his acts: and all his acts were wrongful. But as to the Ordinary, whose commission he held, he was administrator. The wrong of the Ordinary was in giving him power over the estate, when he should not have done so. He is rightfully responsible for all his acts, or omissions, under his own wrongful deputation.
It is no answer to this to say, as has been said in the argument, that this is to make Mr. W aterman answerable for damages. Independently of the obvious consideration that the act of Mr. Waterman constituted his deputy a trustee, and enabled him to act in a matter purely of account, — let us grant that the injury resulting to the plaintiffis a pure damage, — it is such a damage as can only be ascertained by account: and this is sufficient to bring Mr. Waterman into this Court, in order to fix the amount for which he is responsible.
Another objection to the decree, urged by counsel, was that Mr. Waterman should not be made responsible beyond the penalty for which he took the bond. It was argued that the process by which he fixed the amount for which security should be taken was judicial; and that his misdecision as to the value of the estate was protected by the forum in which he sat. Granting, for the sake of argument, that such a decision, in con-nexion with a lawful bond, might have been entitled to'the immunity claimed, does it follow that it should be extended to an unlawful bond? We know of no decision made by Mr *275 Waterman, only as we are to infer it from a piece of blank paper. From that we learn that Mr. Waterman determined to take an ineffectual security, and to limit, even that, to an insufficient amount — heaping injury upon injury. The plaintiffs have received no security; and what Mr. Waterman may have thought, in his own mind, respecting the extent to which this blank paper should go, is no adjudication. If the fixing a low penalty to a vicious bond would exonerate an Ordinary from liability beyond its amount; all that an Ordinary has to do, is to make the penalty as low as he pleases, and then take what bond he pleases ; and then he is safe.
It is ordered that the appeal be dismissed.
Wardlaw, Oh., concurred.
DargaN, Ch., absent at the hearing.

Appeal dismissed.

 1 Des. 62.

 1 Des. 63.